UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 04-12363-DHW
                                                         Chapter 7
NOELLE JOHNSON,

        Debtor.

GARY SCHAEFER,

        Plaintiff,
v.                                                       Adv. Proc. No. 04-1308-DHW

NOELLE JOHNSON,

        Defendant.

## MEMORANDUM OPINION

Gary Schaefer (hereinafter " Schaefer") filed a complaint to determine the dischargeability of his claim against the debtor/defendant Noelle Johnson (hereinafter "Johnson"). Schaefer contends that his claim is of a kind excepted from discharge by 11 U.S.C. § 523(a)(15).

The matter was tried in Dothan, Alabama on April 14, 2005. Schaefer was represented by his attorney, M. Hampton Baxley, and Johnson was represented by her attorney, J. Rick Hollingsworth.

### Jurisdiction

Jurisdiction in this matter derives from 28 U.S.C. § 1334 and from the United States District Court for this district's general order referring title 11 matters to this court. Because this complaint is one to determine the dischargeability of a particular debt, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) thereby extending the court's jurisdiction to the entry of a final order or judgment.

## Findings of Fact

Schaefer and Johnson were divorced on January 3, 2003.[1] The judgment of divorce incorporated their "Stipulation and Agreement" with respect to, *inter alia*, the division of marital property and responsibility for marital debts. Johnson assumed responsibility "for satisfying all amounts owed to MBNA (account number 5490995411003129)." At the time of the divorce, the MBNA credit card had an outstanding balance of approximately $14,000.

On January 21, 2004 Schaefer filed a *Rule Nisi* petition in state court alleging that Johnson had failed to pay the MBNA account as ordered. Thereafter, on May 17, 2004 the state court entered an order requiring Johnson to pay Schaefer $200 per month for 80 months beginning June 1, 2004, a total of $16,000.[2] The payments represent the MBNA obligation on which Schaefer remained jointly liable with Johnson. Johnson consented to entry of the May 17 order.

Johnson did not make any of the payments to Schaefer. Johnson filed a chapter 7 petition for relief on October 19, 2004. She received a discharge on April 15, 2005 discharging her obligation to MBNA.[3] Following Johnson's bankruptcy, MBNA called on Schaefer to repay the indebtedness.

Apart from the MBNA credit card account, the divorce decree contains other provisions concerning the division of marital property and debts. Schaefer was awarded homes in Savannah, Georgia and Enterprise, Alabama. However, each of these properties had only minimal equity at the time of the divorce.

Schaefer was also awarded a truck and a motorcycle, both of which were

---

[1] The Circuit Court of Dale County Alabama's judgment of divorce is the parties' Joint Exhibit 2.

[2] Schaefer's petition for *Rule Nisi* and the Circuit Court's order thereon are the parties' Joint Exhibit 1.

[3] MBNA did not file a complaint objecting to the dischargeability of its claim against Johnson, and the time for doing so has expired.

2

encumbered by secured debt. Johnson received a Jeep and a Toyota automobile, both of which were free of liens.

Schaefer assumed responsibility for joint credit card debts owing to Next Card and American Express. The total amount owed on these two accounts at the time of the divorce was approximately $23,000. The MBNA debt assumed by Johnson was approximately $14,000.

Johnson is currently employed as a nurse earning $16 per hour. She is always scheduled to work 40 hours each week but occasionally works less than that amount of time. She is unable to collect the child support payments owed by another former spouse. Johnson's gross income is approximately $2,752 per month.[4] No evidence was offered regarding Johnson's net income.

Johnson resides in a two-bedroom apartment with her 17 year-old daughter.[5] She testified that she has the following monthly expenses:

| | |
|---|---:|
| Rent | $400 |
| Car payment | 291 |
| Groceries | 500 |
| Auto insurance | 300 |
| Gasoline | 50 |
| Auto maintenance | ?[6] |
| Clothing | 100 |
| Daughter's medicine and allowance | 80 |
| Entertainment | 100 |

These monthly expenses total $1,821. Johnson contends that she lives from paycheck to paycheck and cannot afford to pay Schaefer $16,000.

---

[4] The court calculates the gross monthly income by multiplying the hourly rate ($16) by the hours worked each week (40 hours) times the number of weeks per month (4.3 weeks per month).

[5] Johnson's daughter has a part-time job and defrays some of her own expenses.

[6] Johnson was indefinite as to her monthly expenses for auto maintenance.

3

Schaefer is a U.S. Army pilot and has a gross income of approximately $61,000 per year. He and his current wife reside in base housing where they pay no rent. Schaefer is lessor of the house in Savannah, Georgia; the rental income exceeds the mortgage payment by $65 per month. He has two minor children from a prior marriage for whom he pays child support.

Schaefer testified that his credit has been damaged by Johnson's failure to pay the MBNA credit card indebtedness as ordered. Further, Schaefer testified that if Johnson's debt to him were discharged, it would most likely force him into bankruptcy.

**Conclusions of Law**

Ordinarily, the objecting creditor has the burden of proof, by a preponderance of evidence, that a debt is nondischargeable under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

However, in a complaint under 11 U.S.C. § 523(a)(15) there is a shifting burden. The objecting creditor has the burden to prove that the debt arose in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. The burden, thereafter, shifts to the debtor to prove one of the exceptions to nondischargeability under 11 U.S.C. § 523(a)(15)(A) or (B). *See Gamble v. Gamble (In re Gamble),* 143 F.3d 223, 226 (5th Cir. 1998)*; Stone v. Stone (In re Stone)*, 199 B.R. 753, 783 (Bankr. N.D. Ala. 1996); *Anthony v. Anthony (In re Anthony)*, 190 B.R. 429, 432 (Bankr. N.D. Ala. 1995).

Here, the parties agree that Johnson's $16,000 debt to Schaefer arose from their divorce proceedings. Therefore, Schaefer has met his burden, and the burden shifts to Johnson to prove one of the two exceptions contained in 11 U.S.C. § 523(a)(15)(A) or (B). The statute provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— . . .

4

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11U.S.C. § 523(a)(15)(A) and (B).

First, Johnson contends that she cannot pay the $16,000 debt to Schaefer and at the same time support and maintain herself and her daughter. The evidence presented, however, does not lead to that conclusion.[7] Johnson's gross income of $2,752 per month is the only evidence of her income presented at trial. Although Johnson's net income must surely be lower, the court may not speculate as to the amount.

---

[7] To determine the debtor's ability to pay, courts look to the debtor's disposable income as of the time of trial. *Cameron v. Cameron (In re Cameron),* 243 B.R. 117, 125 (M.D. Ala. 1999).

In determining the debtor's "disposable income" at the time of trial, most courts rely on the "disposable income" test of §1325(b)(2) of the Bankruptcy Code because that section's language essentially mirrors the language of § 523(a)(15)(A). *See Cameron v. Cameron (In re Cameron*), 243 B.R. 117, 122 (M.D. Ala. 1999) (citing *Beasley v. Adams (In re Adams)*, 200 B.R. 630, 634 (N.D. Ill. 1996); *Burgess v. Henrie (In re Henrie*), 235 B.R. 113, 120 (Bankr. M.D. Fla. 1999); *Sparagna v. Metzger (In re Metzger)*, 232 B.R. 658, 663-64 (Bankr. E.D. Va. 1999)).

5

Johnson's necessary expenses total $1,821 each month.[8] The difference between her monthly income and expenses is $931. Although Johnson testified that she barely eked out a living and lived from paycheck to paycheck, it was her burden to prove such state of affairs. She simply has not carried that burden by proving by a preponderance of the evidence that she cannot pay the debt to Schaefer.

Having found that Johnson has failed to prove her inability to repay the debt to Schaefer, the court turns to the second exception to nondischargeability found in subsection (B). Here, too, Johnson carries the burden of proof to show that her benefit of having the debt discharged outweighs the detriment to Schaefer. One court described application of the test as follows:

> [T]he best way to apply the 11 U.S.C. § 523(a)(15)(B) balancing test is to review the financial status of the debtor and the creditor and compare their relative standards of living to determine the true benefit of the debtor's possible discharge against any hardship the spouse, former spouse and/or children would suffer as a result of the debtor's discharge. If, after making this analysis, the debtor's standard of living will be greater than or approximately equal to the creditor's if the debt is not discharged, then the debt should be nondischargeable under the 523(a)(15)(B) test.

*In re Smither*, 194 B.R. 102, 111 (Bankr. W.D. Ky. 1996).

Johnson contends that the balancing test should weigh in her favor because the division of marital property and debts by the divorce court greatly favored Schaefer and was inequitable.[9] She points to the fact that Schaefer was

---

[8] In closing argument Johnson's attorney indicated that the list of expenses testified to by Johnson was partial and not exhaustive. However, the court may not speculate as to the amount of the omitted expenses.

[9] To the extent that the argument constitutes a collateral attack on the judgment of divorce, the contention has no legal merit. To the extent the argument deems the relative financial positions of the parties as of the time of the divorce relevant to this proceeding, the contention has no legal merit. The court will consider the argument only to the extent it may bear on the relative financial positions of the parties as of the

6

awarded two homes by the judgment of divorce. While true, these properties had little or no equity; hence Schaefer received little if anything of net value through this realty.

Further, Johnson complains that Schaefer received a truck and a motorcycle in the divorce. However, Johnson received two vehicles. Indeed, the vehicles Johnson received were free from liens unlike the truck and motorcycle awarded to Schaefer.

Finally, Johnson contends that the divorce decree required her pay $14,000 in joint credit card indebtedness. Yet, the same decree assigned Schaefer responsibility for $23,000 of joint credit card indebtedness. In short, the court is not persuaded that the divorce proceeding created inequities in their relative financial positions.

Schaefer earns a salary that is almost double that earned by Johnson. He lives rent free in military housing. Johnson pays about $400 each month for rent. Nevertheless, Schaefer supports a family of four: himself, his present wife, and two children from a prior marriage. Johnson supports herself and one daughter.

Both Schaefer and Johnson testified that they live from paycheck to paycheck. There is, however, no evidence of Schaefer's expenses. Without this evidence, the court cannot compare the living standards of Schaefer and Johnson beyond that previously stated. The burden of proof was on Johnson to prove by a preponderance of the evidence the exception of § 523(a)(15)(B). In the court's opinion she failed to meet the burden of proof.

For the above reasons, Johnson's $16,000 debt to Schaefer is nondischargeable. Pursuant to Fed. R. Bankr. Proc. 9021, an order of judgment consistent with this memorandum opinion will enter separately.

---

time of trial.

7

Case 04-01308    Doc 17    Filed 04/22/05    Entered 04/22/05 15:27:24    Desc Main
                 Document     Page 7 of 8

Done this 22nd day of April, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge


c: J. Rick Hollingsworth, Attorney for Debtor/Defendant
   M. Hampton Baxley, Attorney for Creditor

8